Filed 11/22/13  Chodos v. Hughes CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| HILLEL CHODOS, | B245519 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC482328) |
| v. | |
| ALEXANDER REYNOLDS HUGHES et al., | |
| Defendants and Respondents. | |


APPEAL from the orders of the Superior Court of Los Angeles County, Suzanne G. Bruguera, Judge.  Affirmed.

Hillel Chodos, in pro. per., for Plaintiff and Appellant.

Greenberg Traurig, Eric V. Rowen, Scott D. Bertzyk and Adam Siegler for Defendant and Respondent Alexander Reynold Hughes.

Sina Law Group and Reza Sina for Defendants and Respondents Steven L. Zelig, Evan M. Selik and Brentwood Legal Services, LLP.

_____

In 2011, Alexander Reynolds Hughes (Alex),[1] represented by Steven L. Zelig, Evan M. Selik, and Brentwood Legal Services, LLP (collectively the Lawyers) brought a malpractice action against Attorney Hillel Chodos.  The malpractice action was based on Chodos's conduct as counsel for Alex's mother, Suzan Hughes, who was Alex's guardian.  Alex is the son and primary heir of the sizeable estate of Mark Hughes, the founder of Herbalife.  Shortly before the scheduled trial date on the malpractice action, Alex, through the Lawyers, filed a voluntary dismissal without prejudice.

Chodos responded to the dismissal with the instant malicious prosecution action against the Lawyers and Alex.  The Lawyers filed special motions to strike Chodos's complaint under the anti-SLAPP statute[2] (Code Civ. Proc., § 425.16)[3] on various grounds, including that Alex's legal malpractice action was protected speech and Chodos could not show a probability of success on his malicious prosecution cause of action because the voluntary dismissal was not a favorable termination for Chodos on the merits.  Alex filed a similar special motion to strike.

In extensive written rulings, the trial court found the malpractice action on behalf of Alex was protected conduct for purposes of the anti-SLAPP statute, an issue not in dispute on appeal.  The court also ruled Chodos could not demonstrate a probability of success on his malicious prosecution claim for several reasons, including that Chodos failed to establish the dismissal was a favorable termination on the merits.

Chodos argues on appeal that the trial court erred in granting the special motions to strike.  The parties present extensive arguments addressing the merits of the court's rulings on the motions.  We conclude the trial court properly found (1)  the malpractice

---

[1]  Because of common surnames, we refer to members of the Hughes family by their first names for purposes of clarity.

[2]  "SLAPP is an acronym for 'strategic lawsuit against public participation.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

[3]  All statutory references are to the Code of Civil Procedure, unless otherwise indicated.

action was protected speech, and (2) Chodos presented no evidence to support a finding that he had a probability of success on his malicious prosecution claim because he failed to establish a favorable termination of the litigation on the merits, an essential element of his cause of action. We therefore affirm and need not discuss the multitude of other issues presented by the parties on appeal.

**Chodos's Malicious Prosecution Complaint Against Alex and the Lawyers**

Chodos is an attorney who, along with law firm Mitchell Silberberg & Knupp (MSK) and Allan B. Cutrow, represented Suzan, mother and court appointed guardian of Alex's estate, in various litigation involving the trust, custodianship, and estate of Mark, Alex's father. In February 2008, Chodos and MSK withdrew from representation of Suzan. Bingham McCutchen and Stephen Alexander began representing Suzan in probate proceedings. That representation continued until Alex attained majority on December 16, 2009.

On December 16, 2010, one year after reaching majority, Alex, represented by the Lawyers, filed an action (BC451498) against Chodos, MSK, and Cutrow alleging six causes of action, which in substance was a claim for legal malpractice. A first amended complaint was filed. The malpractice action was filed by Alex and the Lawyers without probable cause because they knowingly and falsely alleged that: Chodos had legal responsibilities to Alex, even though he only represented Suzan as guardian of Alex's estate; the original retainer agreement specified that Alex was the beneficiary of Chodos's legal services; Chodos fraudulently recommended legal actions not in Alex's best interest; and Chodos pursued legal actions for the purpose of overbilling. The malpractice action against Chodos terminated in his favor when it was voluntarily dismissed by Alex three days before the scheduled start of trial.

**The Lawyers' Special Motion to Strike**

The special motion to strike filed by the Lawyers argued, inter alia, that Alex's voluntary dismissal did not reflect on the merits of the legal malpractice action, some doubt remained as to the merits, and the dismissal did not reflect Chodos's innocence. The motion was supported by Selik's declaration, which stated he participated in the final status conference of the malpractice action against Chodos, days before the scheduled start of trial. There was concern about Alex attending the trial, because he attended school on the east coast. Chodos refused to agree to a continuance, and the trial court denied a continuance. Zelig filed a declaration stating that shortly before trial on the malpractice action, he learned Alex would not be able to attend the trial, so he filed a motion to dismiss without prejudice because Alex could not attend, as well as other reasons he could not disclose due to the attorney-client privilege.

The Lawyers argued the dismissal without prejudice could not be considered a termination on the merits favorable to Chodos due to the history of the litigation and Alex's unavailability. Chodos had filed a demurrer in the malpractice action on the ground he owed no duty to Alex as a matter of law.[4] Judge Zaven Sinanian, who was presiding over the case at that time, overruled the demurrer. Chodos challenged the ruling on his demurrer by writ petition in this court, which was denied on the grounds Chodos had an adequate remedy by way of appeal. Chodos then sought review in the California Supreme Court. In his unsuccessful petition for review, he conceded "there is little or no likelihood that the trial court will grant summary judgment, as all the relevant facts were already placed before it and were undisputed, but it came to the erroneous legal conclusions that Alex could maintain a claim for legal malpractice against Chodos." Based on this judicial admission that summary judgment did not lie, probable cause was

---

[4] The retainer letter written by Chodos to Suzan states that if his efforts are successful, Suzan will be able to raise Alex without the interference of the trustees, assure an adequate stream of revenue to finance Alex's upbringing until he is entitled to receive the income, and ultimately the principal of the trust directly.

4

established as a matter of law, negating an essential element of Chodos's malicious prosecution action.

As further evidence the dismissal did not indicate a termination in favor of Chodos, the Lawyers cited to an action filed by Chodos for the payment of additional fees in connection with his representation of Suzan as guardian for Alex. The trial court in that fee action appointed retired Associate Justice Richard C. Neal of the Court of Appeal, Second District, to preside as referee. Justice Neal prepared a lengthy report to the court, recommending rejection of Chodos's request for payment of additional fees. Justice Neal found Chodos had sought fees for matters that occurred before Chodos was retained, engaged in performance of unnecessary services, billed at the rate of $1,000 per hour[5] without time records to substantiate his billings, pursued an action that would have ended with a harmful result to Alex had it prevailed, and requested large fees for actions not beneficial to Alex. The court adopted Justice Neal's findings as to Chodos.

**Chodos's Opposition to the Lawyers' Special Motion to Strike**

Chodos argued the malpractice action had been terminated in his favor because it could not be revived due to the one year statute of limitations, which would bar refiling even if the dismissal was without prejudice. Assuming the action was dismissed because Alex was attending school on the east coast, it still was a favorable determination on the merits because Judge Michael P. Linfield, who would be the trial judge, indicated he would reconsider Judge Sinanian's ruling on the demurrer on the issue of duty before trial and conclude Alex had no standing to sue.

Chodos argued that this court's denial of his writ petition challenging Judge Sinanian's order overruling the demurrer reflected this court's belief that Chodos's position was meritorious, because our order stated Chodos had an adequate remedy at law

_____

[5] In contrast, the billing rate for partners at MSK was a maximum of $500 per hour.

5

by way of appeal. The Lawyers filed a malpractice action they knew to be false, and as to Zelig, Chodos argued he had a pattern of similar bad behavior resulting in discipline and sanctions.

Chodos's motion was supported by his own declaration. He expected the appellate court to reverse the ruling denying his request for fees in the case referred to Justice Neal. Chodos intended to proceed to trial in the malpractice action and was surprised when the dismissal was filed. He attached the reporter's transcript of the hearing before Judge Linfield on what was thought to be the eve of trial.

Chodos requested the trial court to take judicial notice of the files in five superior court cases, as well as the appellate record in two cases. He did not supply any of the documents along with his request for judicial notice, nor did he identify the relevance of any specific document but explained his failure to comply with the rules pertaining to judicial notice by stating the files were voluminous and the Lawyers either had the documents in the files or were familiar with them from the prior litigation.

**The Lawyers' Reply to Chodos's Opposition**

Zelig filed a supplemental declaration stating Judge Linfield did not issue a ruling on standing, nor did he state he was not bound by Judge Sinanian's earlier ruling. Zelig responded to Chodos's comments about his discipline and sanctions.

Selik filed a supplemental declaration stating that he attempted to obtain a continuance of the malpractice trial because Alex was in school, and Chodos participated in that hearing. Chodos refused to agree to a continuance in the absence of stipulations to other matters.

The Lawyers requested judicial notice of Alex's separately filed special motion to strike, and in particular, his declaration. Alex declared, in part, that he learned in February 2012 the malpractice case would not be continued. He was on the east coast preparing for final exams and could not attend the trial. He felt he had to dismiss the

6

malpractice action because of his school commitments, not because Chodos "was right. That is why the case was dismissed without prejudice."

**Alex's Special Motion to Strike**

Alex's motion argued that filing the malpractice action against Chodos was protected conduct within the meaning of section 425.16. Alex voluntarily moved to dismiss the malpractice action due to his conflicting obligations at college on the east coast. Alex, like the Lawyers, argued multiple grounds for why Chodos could not show a probability of success at trial, including that the dismissal without prejudice was not a favorable termination on the merits. The dismissal was due to Alex's conflict with his school schedule, and there is nothing in the record of the malpractice action to suggest Chodos received a favorable determination on the merits.

Alex's motion was supported by his declaration, as described above, and a request for judicial notice of the complaint and first amended complaint in the malpractice action, along with the request for dismissal and minute order vacating the jury trial due to the dismissal. Copies of the documents were attached to the request.

**Chodos's Opposition to Alex's Motion**

Chodos incorporated by reference his arguments made in opposition to the Lawyers' anti-SLAPP motion. He again requested judicial notice of multiple trial and appellate court files from other litigation. Chodos argued there is "no question" he received a favorable termination of the malpractice action based upon Alex's voluntary dismissal. Alex was aware through his lawyers that Judge Linfield would reconsider the issue of standing ruled on by Judge Sinanian and conclude Alex lacked standing.

7

**Alex's Reply to the Opposition**

Citing *JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, Alex argued the voluntary dismissal was not a termination in favor of Chodos on the merits. Alex requested judicial notice of Chodos's demurrer to the first amended complaint in the malpractice action, Judge Sinanian's minute order, a copy of the referee report of Justice Neal, and the trial court's ruling on submitted matter. Copies of each document were attached to the request for judicial notice.

**Rulings of the Trial Court**

The trial court filed an eight-page written ruling granting the Lawyers' special motion to strike. The court granted the Lawyers' request for judicial notice but denied Chodos's judicial notice request due to his failure to comply with the California Rules of Court. The filing of the malpractice action was protected activity. Chodos did not establish a probability of prevailing on his malicious prosecution action for multiple reasons, because he failed to demonstrate there was a favorable termination of the malpractice action on the merits. The Lawyers submitted uncontradicted evidence that the dismissal was voluntarily entered because Alex could not appear due to school obligations. Chodos's argument that Judge Linfield would have a ruling different from that of Judge Sinanian on the issue of duty is mere speculation, not evidence. Chodos failed to show that Alex could not refile the action due to a one year statute of limitations on malpractice actions, because a malpractice action based on fraud, as alleged in Alex's first amended complaint, would have an extended limitations period under section 340.6, subdivision (a).

The trial court issued a similar written ruling granting Alex's motion to dismiss. The court granted Alex's motion for judicial notice but denied the motion filed by Chodos due to violation of court rules. The court made the same findings, as made on the

8

Lawyers' motion, as to protected conduct and the lack of a favorable termination to Chodos on the merits.

## DISCUSSION

Chodos contends the trial court erred in granting the special motions to strike. He argues Alex's voluntary dismissal of his malpractice action was the equivalent of a merits-based determination in his favor. The uncontroverted evidence is to the contrary.

### *Special Motions to Strike Under Section 425.16*

We conduct a de novo review of the trial court's ruling on a special motion to strike. (*Hecimovich v. Encinal School Parent Teacher Organization* (*Hecimovich*) (2012) 203 Cal.App.4th 450, 463; *Grewal v. Jammu* (2011) 191 Cal.App.4th 977, 988.) In doing so, we follow the legislative mandate to broadly construe the statute to deter lawsuits brought to discourage the exercise of constitutional rights. (§ 425.16, subd. (a).)

"Subdivision (b)(1) of section 425.16 provides that '[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.'" (*Hecimovich*, *supra*, 203 Cal.App.4th at p. 463.) A person's right of petition or free speech under the United States or California Constitution in connection with a public issue includes: "(1) any written or oral statement or writing made before a . . . judicial proceeding . . . [; and] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body . . . ." (§ 425.16, subd. (e).)

"A two-step process is used for determining whether an action is a SLAPP. First, the court decides whether the defendant has made a threshold showing that the

9

challenged cause of action is one arising from protected activity, that is, by demonstrating that the facts underlying the plaintiff's complaint fit one of the categories spelled out in section 425.16, subdivision (e).  If the court finds that such a showing has been made, it must then determine the second step, whether the plaintiff has demonstrated a probability of prevailing on the claim.  (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 (*Navellier*).)" (*Hecimovich*, *supra*, 203 Cal.App.4th at p. 463.)

To establish a probability of prevailing, the plaintiff must state and substantiate a legally sufficient claim.  (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 (*Wilson*); *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1123.)  "Put another way, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'  (*Matson v. Dvorak* (1995) 40 Cal.App.4th 539, 548; accord, *Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 274.)"  (*Wilson*, *supra*, at p. 821.)

The anti-SLAPP statute "potentially may apply to every malicious prosecution action, because every such action arises from an underlying lawsuit, or petition to the judicial branch.  By definition, a malicious prosecution suit alleges that the defendant committed a tort by filing a lawsuit. [Citation.]  Accordingly, every Court of Appeal that has addressed the question has concluded that malicious prosecution causes of action fall within the purview of the anti-SLAPP statute.  (See, e.g., *White v. Lieberman* (2002) 103 Cal.App.4th 210, 220-221; *Mattel, Inc. v. Luce, Forward, Hamilton & Scripps* (2002) 99 Cal.App.4th 1179, 1188; *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087-1088.)"  (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734-735, fn. omitted (*Jarrow Formulas*).)

*Elements of a Malicious Prosecution Cause of Action*

"To establish a cause of action for malicious prosecution, a plaintiff must demonstrate that the prior action (1)  was initiated by or at the direction of the defendant

10

and legally terminated in the plaintiff's favor, (2) was brought without probable cause, and (3) was initiated with malice. (*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341.)" (*Siebel v. Mittlesteadt* (2007) 41 Cal.4th 735, 740.) "'It is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor.' (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 845.)" (*Lackner v. LaCroix* (1979) 25 Cal.3d 747, 749.) "It is apparent 'favorable' termination does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such termination must further reflect on his innocence of the alleged wrongful conduct. If the termination does not relate to the merits -- reflecting on neither innocence of nor responsibility for the alleged misconduct -- the termination is not favorable in the sense it would support a subsequent action for malicious prosecution." (*Id.* at p. 751, fn. omitted.) "If the resolution of the underlying litigation 'leaves some doubt as to the defendant's innocence or liability [, it] is *not* a favorable termination, and bars that party from bringing a malicious prosecution action against the underlying plaintiff.' (*Villa v. Cole* (1992) 4 Cal.App.4th 1327, 1335, italics in original.)" (*Eells v. Rosenblum* (1995) 36 Cal.App.4th 1848, 1855.)

"Denial of a defense summary judgment motion on grounds that a triable issue exists, or of a nonsuit, while falling short of a determination of the merits, establishes that the plaintiff has substantiated, or can substantiate, the elements of his or her cause of action with evidence that, if believed, would justify a favorable verdict. As also discussed above, a claimant or attorney who is in possession of such evidence has the right to bring the claim, even where it is very doubtful the claim will ultimately prevail. [Citations.]" (*Wilson*, *supra*, 28 Cal.4th at p. 824.)

*Analysis*

The trial court properly granted the special motions to strike. First, the filing of the malpractice action against Chodos was protected activity for purposes of

11

section 425.16. (*Jarrow Formulas, supra*, 31 Cal.4th at pp. 734-735.) Chodos does not argue otherwise. Second, Chodos has presented no evidence the dismissal of the malpractice action was a favorable termination on the merits, which defeats, as a matter of law, his malicious prosecution cause of action.

The uncontradicted evidence before the trial court on the special motions to strike was that Alex dismissed his malpractice action to attend to his school responsibilities on the east coast. Chodos makes no evidentiary showing to the contrary.

Moreover, there is nothing in the record to indicate the litigation was ever tilting in favor of Chodos on the merits. To the contrary, Chodos's demurrer to the action was overruled. This court denied his petition for writ of mandate. Chodos's argument that this court expressed an opinion in his favor by indicating in the denial that he had an adequate remedy by way of appeal is, to put it kindly, totally without merit. Chodos made a judicial admission in his petition for review that he did not make a motion for summary judgment because it would have been denied. The malpractice action was based, in part, on the results of the reference to Justice Neal on Chodos's claim for additional attorney fees, which resulted in a scathing rejection of Chodos's request. The trial court fairly characterized, as mere speculation, Chodos's expectation that Judge Linfield would reach a different conclusion than Judge Sinanian had reached on the issue of duty. That expectation finds no factual support in the record.

Chodos argues there was a favorable determination on the merits because Alex could not refile his malpractice action, due to the one year statute of limitations in section 340.6. Chodos reasons that Alex's characterization of the dismissal as "without prejudice" was meaningless, because any attempt to revive the action with a new complaint would be time-barred. Assuming Chodos is correct about the statute of limitations, we fail to see how that would constitute a favorable determination *on the merits*. The dismissal, even if a subsequent action would be time-barred, had nothing to do with the merits of the action. In any event, the trial court correctly ruled that Alex had pleaded fraud, which provides for an extended statute of limitations in attorney malpractice actions under section 340.6. As the trial court noted, Chodos made no

12

showing that sections 340.6's extended statute of limitations, of up to four years, did not apply in this case.

In sum, Chodos failed to show the action was resolved on the merits, some doubt remained as to his culpability, and the dismissal did not reflect his innocence.

## DISPOSITION

The orders granting the special motions to strike under section 425.15 are affirmed. Costs are awarded on appeal to Alexander Hughes, Steven L. Zelig, Evan M. Selik, and Brentwood Legal Services, LLP.


KRIEGLER, J.


We concur:


TURNER, P. J.


KUMAR, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.